KAMPMANN and wife, Appellants, vs. MCINERNEY, Respondent.

*January 10—February 6, 1951.*

For the appellants there was a brief by *Douglas & Omernik* of Spooner, and oral argument by *E. E. Omernik*.

*G. A. Hagerty* of Bruce, for the respondent.

BROADFOOT, J.   Upon this appeal the plaintiffs claim that the trial court erred in finding that time was of the essence of the contract, and that the failure of the plaintiffs to deliver possession of the property on May 5, 1950, was not a breach of the contract warranting the defendant to refuse to take delivery thereof at a later date when offered by the plaintiffs.

The contract was oral. Upon the trial the parties disagreed as to the exact terms. It is clear that the parties had hoped to complete the agreement by May 5th. There was a delay of twelve days from April 18th to April 30th in procuring the blank applications to forward to the beverage tax division for its approval of the transfer. Neither party objected to the delay and both parties signed the application on that date and might well have contemplated that this might occasion some delay beyond May 5th.

When the defendant asked to complete the sale on May 5th and plaintiffs refused to do so, he again called at their tavern on May 6th. When they again refused to deliver possession of the property because the consent to the transfer had not been received from the beverage tax division the defendant did not claim a breach of the agreement and did not attempt a rescission. Plaintiffs called the defendant on May 10th and learned that the defendant was ill. They notified his wife, however, that the consent had been received and they were ready to perform their part of the agreement, and to deliver possession. It was not until the 14th day of May that the defendant claimed that plaintiffs had breached the contract and that he was rescinding the same.

A contract may not be rescinded for every breach thereof. A breach of contract not so substantial as to defeat the object of the parties in making the contract does not entitle the other party to rescind. If time were of the essence of this contract, then failure to deliver possession on May 5th would have been a material breach of the contract that would have warranted a rescission. From the record here we must find that time was not of the essence and that there was not a breach of the agreement by the plaintiffs that warranted rescission of the contract by the defendant.

Upon the unwarranted refusal of the defendant to accept and pay for the property, the sellers' rights were governed by the provisions of the Uniform Sales Act, contained in ch. 121 of the Wisconsin statutes. Sec. 121.63 thereof reads as follows:

"*Action for the price.* (1) Where, under a contract to sell or a sale, the property in the goods has passed to the buyer, and the buyer wrongfully neglects or refuses to pay for the goods according to the terms of the contract or the sale, the seller may maintain an action against him for the price of the goods.

"(2) Where, under a contract to sell or a sale, the price is payable on a day certain, irrespective of delivery or of

transfer of title, and the buyer wrongfully neglects or refuses to pay such price, the seller may maintain an action for the price, although the property in the goods has not passed, and the goods have not been appropriated to the contract. But it shall be a defense to such an action that the seller at any time before judgment in such action has manifested an inability to perform the contract or the sale on his part or an intention not to perform it.

"(3) Although the property in the goods has not passed, if they cannot readily be resold for a reasonable price, and if the provisions of subsection (4) of section 121.64 are not applicable, the seller may offer to deliver the goods to the buyer, and, if the buyer refuses to receive them, may notify the buyer that the goods are thereafter held by the seller as bailee for the buyer. Thereafter the seller may treat the goods as the buyer's and may maintain an action for the price."

The action brought by the plaintiffs is governed by the provisions of the above section. It is apparent that subs. (1) and (2) thereof do not apply because the property in the goods had not passed to the buyer nor was the price payable on a day certain. It is equally apparent that this action cannot succeed under sub. (3) for two reasons: First, there was no notice to the buyer that the goods were being held by the seller as bailee for the buyer, and this is a prerequisite to the starting of an action for the price; second, there was no proof on the trial that the goods could not readily be resold for a reasonable price.

From the record we reach the same result as that reached by the trial court, although for a different reason.

*By the Court.*—Judgment affirmed.